Brent E. Pelton, Esq.
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone)(212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID HEMENWAY,                                      :
                                                     :
                    Plaintiff,                       :    ECF
                                                     :    2007 Civ. _____
    v.                                               :
                                                     :    **COMPLAINT**
NCO FINANCIAL SYSTEMS, INC. and                      :
KEVIN SIMMONS, Jointly and Severally,                :
                                                     :    **Demand for Jury Trial**
                    Defendants.                      :
-----------------------------------------------------------x

07 CV 10933

JUDGE JONES

RECEIVED OCT 09 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff DAVID HEMENWAY (the "Plaintiff" or "Hemenway"), through his attorneys PELTON SERPE LLP, complaining of defendants NCO FINANCIAL SYSTEMS, INC. ("NCO") and KEVIN SIMMONS ("Simmons" and, together with NCO, the "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "Fair Debt Collection Practices Act" or the "FDCPA"), alleges as follows:

**Introduction**

1.      This is a civil action for statutory damages arising out of Defendants willful and blatant violations of the Fair Debt Collection Practices Act. Specifically, NCO and Simmons contacted Mr. Hemenway directly by telephone when they knew that Plaintiff was represented by counsel. In fact, in the middle of settlement discussions regarding Mr. Hemenway's American Express charge account, and without the prior permission of Hemenway

1

or his counsel, Defendants illegally contacted Plaintiff and misrepresented certain key terms of the settlement offer from American Express to the Plaintiff, and pressured Plaintiff to accept the settlement offer without the advice or consent of counsel. The Defendants actions are explicit violations of the FDCPA and, as such, the Plaintiff seeks statutory damages under the FDCPA.

### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 & 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred within this District.

### Parties

3. The Plaintiff, David Hemenway, is a natural person residing within this District in the County of New York, State of New York.

4. The Plaintiff is a "Consumer" as that term is defined in Section 1692(a)(3) of the FDCPA, in that the alleged debt that the Defendants sought to collect from him is a consumer debt.

5. On information and belief, defendant NCO is a corporation located in Horsham, Pennsylvania.

6. On information and belief, NCO is regularly engaged, for profit, in the business of debt collection whereby NCO collects, or attempts to collect, debts owed or due or asserted to be owed or due to another.

7. On information and belief, NCO is a "Debt Collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

8. On information and belief, defendant Simmons is a person who resides in Pennsylvania.

9. On information and belief, Simmons is regularly engaged, for profit, in the business of debt collection whereby Simmons collects, or attempts to collect, debts owed or due or asserted to be owed or due to another.

10. On information and belief, Simmons is a "Debt Collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

11. On information and belief, at all material times herein, Simmons was employed by NCO as a Debt Collector, and his activities detailed herein were performed pursuant to his employment duties with NCO.

### Factual Allegations

12. At all times relevant hereunder, Plaintiff maintained a consumer credit account with American Express ("AMEX") bearing account number XXXXXXXXXXX7002 (the "Account").

13. In or about 2006, AMEX raised the annual percentage rate on Hemenway's Account to a 29.99% annual percentage rate.

14. Following AMEX's increase to the annual percentage rate, Hemenway attempted to negotiate with AMEX to resolve his balance, but his attempts were scuttled when AMEX abruptly broke off discussions with him when Plaintiff chose to work with financial advisor who was not employed by AMEX.

### NCO Collects on the AMEX Account

15. After the failure to resolve his account at that time, AMEX placed Mr. Hemenway's account in default, and assigned its collection to NCO.

16. In or about early 2006, Mr. Hemenway's retained attorneys Mansfield & Serpe, PLLC ("M&S") to represent him with the negotiations and settlement of his AMEX Account. At that time, M&S notified NCO that they were representing Hemenway in connection with the account, and instructed NCO to no longer contact Hemenway, but only to contact M&S, as required under the FDCPA.

17. On or about April 2007, Hemenway's attorneys contacted NCO and Mr. Simmons in an attempt to settle the account.

18. Pursuant to this April 2007 communication, Plaintiff's counsel offered of sum of $5,000 to resolve the Account, which settlement offer was communicated to Mr. Simmons and NCO, which in turn, on information and belief, was communicated by Mr. Simmons and NCO to AMEX.

19. Following the receipt of Plaintiff's initial settlement offer, AMEX communicated a counter-offer to Mr. Hemenway, which counteroffer was communicated through Plaintiff's attorneys and was under review by Plaintiff and his counsel.

**NCO and Simmons Violate the FDCPA**

20. During the ongoing negotiation to resolve the Account, NCO and Simmons engaged in collection practices that violated the FDCPA.

21. First, NCO and Simmons informed the Plaintiff that AMEX's offer would expire on a date certain, when in fact it did not.

22. Second, NCO and Simmons told the Plaintiff that if the Account was settled and payment was received, that Mr. Hemenway would receive a letter at that time notifying him that the Account had been settled.

23. NCO never sent such a letter when Mr. Hemenway's Account was later settled.

24. In fact, it took over a month for NCO to produce to Plaintiff a letter, which letter did not contain the very representations that Simmons had promised. A copy of this letter is attached hereto as Exhibit A.

25. Finally, NCO through Simmons contacted the Plaintiff directly on May 7, 2007, to push him to settle the account, without Mr. Hemenway's counsel on the telephone, and without the consent of said counsel or Mr. Hemenway to do so.

26. To wit, Simmons stated:

Dave, how you doing? It's Kevin Simmons calling from the settlement division of NCO Financial. I'm working with your attorney, Sean Serpe, regarding the settlement offer that we had on the American Express account. I just faxed over a letter to Sean, and I need either you or Sean to give me a call back. I'll be leaving the office at 4:30, but I will stay extra late as 4:45 here to try to get back home, get that payment in so we can deposit to your account. So give me a call back as soon as you get this message: 866-832-1324. My direct line number is 866-832-1224.

27. Subsequently, when Plaintiff's counsel contacted NCO to receive a copy of the aforementioned promised letter, Simmons did not return his calls.

28. After several further attempts, Simmons' supervisor, Mr. Fischetto, spoke with Mr. Hemenway's counsel and told Plaintiff's counsel that Simmons would never have offered such a proposed letter, and that Simmons would have never left Plaintiff the message detailed above.

29. Subsequently, Mr. Fischetto had the same settlement letter transmitted to Mr. Hemenway's counsel.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of 15 U.S.C. § 1692(c)(a)(2) of the Fair Debt Collection Practices Act**

30. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31. On or about May 7, 2007, the Defendants NCO and Mr. Simmons "communicated" with the Plaintiff, as that term is defined in Section 1692(a)(2) of the FDCPA, regarding the "debt" the Plaintiff had, as that term is defined in Section 1692(a)(5) of the FDCPA, with American Express.

32. § 1692(c)(a)(2) of the FDCPA states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt – (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

33. The Defendants violated FDCPA § 1692(c)(a)(2) by contacting the Plaintiff by telephone after having been notified of the Plaintiff's representation by legal counsel.

### SECOND CAUSE OF ACTION

**Violation of 15 U.S.C. § 1692(e)(5) of the Fair Debt Collection Practices Act**

34. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

35. FDCPA § 1692(e)(5) provides, *inter alia*:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt.

36. The Defendants NCO and Simmons violated FDCPA § 1692(e)(5) by making the aforementioned false, deceptive and misleading representations regarding the settlement letter.

WHEREFORE, Plaintiff DAVID HEMENWAY respectfully requests that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Attorneys' fees, litigation expenses and costs incurred in bringing this action;

C. A declaratory judgment that the Defendant's conduct violated the FDCPA;

D. For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Please take notice that the Plaintiff demands trial by jury in this action.

Dated: New York, New York
November 30, 2007

Respectfully submitted,

PELTON SERPE LLP
Attorneys for the Plaintiff

/s/Brent E. Pelton

Brent E. Pelton, Esq. (BP-1055)
111 Broadway, 9th Floor
New York, New York 10006
(212) 725-3600

07/09/07  13:12  FAX 2018180397          NCO GROUP                                    ☒002



**NCO Financial Systems, Inc.**
500 N. Franklin Turnpike
PO Box 585
Ramsey, NJ 07446-0585

Office Hours: 8:00a.m. 9:00p.m. Monday - Thursday
8:00a.m.-5:00p.m. Fri
8:00a.m.-12:00p.m. Sat

July 9, 2007

David Hemenway
C/O Sean Serpe
267 5th Ave
New York, NY 10016

Creditor: American Express
Consumer: David Hemenway
Account #: 373079878477002
Our Reference Number: CA0256-00K
Settlement Paid: $5,341.03
Date Settlement Paid: 05/15/2007

Dear David Hemenway,

Please be advised that American Express has forwarded the above-referenced account to our agency for collection.

This letter confirms completion of your payment obligation towards the above-referenced account. Upon clearance of said funds, American Express will be notified that the account is settled.

Please contact Kevin Simon at 866-832-1224, if you have any questions.

Sincerely,

Peter Fischetto
NCO Financial Systems, Inc.
Operations Manager
SIF/pf

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance. This collection agency is licensed by the Department of Consumer Affairs of the City of New York, License #